UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **VOTO CONSULTING, LLC,** | Civil Action No. 25-cv-1182 (CCC) (CLW) |
| *Plaintiff,* | OPINION |
| v. | |
| **CAPITAL ONE BANK, et al.,** | |
| *Defendants.* | |

**CATHY L. WALDOR, U.S.M.J.**

   I.   **INTRODUCTION**

   This matter comes before the Court on Plaintiff's motion for leave to amend its Complaint. (ECF No. 27). Defendants First Bank, Capital One, N.A. ("Capital One," improperly named as Capital One Bank in the Complaint), and JP Morgan Chase Bank, N.A. ("Chase," improperly named as Chase Bank in the Complaint) each filed an opposition. (ECF Nos. 28, 29, 30, respectively). In accordance with Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Court resolves Plaintiff's application without oral argument. Upon careful consideration of the record for this matter, Plaintiff's motion to amend (the "Motion") is **DENIED**.

   II.   **BACKGROUND**

   On or about January 10, 2025, Plaintiff filed a Complaint in the Superior Court of New Jersey, Law Division, Middlesex County, alleging that its businesses, financial wellbeing, and confidential information were compromised and victims of multiple fraudulent transactions. (Compl. at 2-3, ECF No. 1-1). Plaintiff submits it sustained significant financial injuries and emotional distress resulting from Defendants' malfeasance, tortious conduct and/or fraudulent

representations, negligence and/or lack of reasonable diligence and duty of care. (*Id.*). Defendant Capital One removed the Complaint to the United States District Court for the District of New Jersey on February 11, 2025. (*Generally* Notice of Removal, ECF No. 1). Subsequently, Capital One, Chase, and First Bank each filed a Motion to Dismiss, (ECF Nos. 13, 14, 16, respectively), which are fully briefed.

On June 3, 2025, Plaintiff filed the Motion at hand, requesting to amend the Complaint to add a "Preliminary Statement" that summarizes its allegations, in order to "comport" with Federal Rule of Civil Procedure 8. (Decl. of Counsel in Support of Motion ¶ 7, ECF No. 27). Defendants oppose this request. First Bank argues that Plaintiff's proposed amendment "does not even claim to add any factual allegations or legal theories to the originally filed Complaint," and therefore allowing the amendment "would only create procedural delay in the disposition of First Bank's motion to dismiss." (First Bank Opp. at 1, ECF No. 28). Capital One argues that the proposed amendment (1) is "futile because it does not address the legal insufficiency of the Complaint" and (2) fails to comply with Local Civil Rule 15.1 because Plaintiff failed to submit a copy of the proposed Amended Complaint nor attached a "red-lined" copy indicating the proposed changes. (Capital One Opp. at 1-2, ECF No. 29). Like First Bank, Capital One also argues that the amendment would "unnecessarily delay" disposition of its motion to dismiss. (*Id.* at 2). Chase proffers the same arguments as Capital One, submitting that Plaintiff's Motion should be denied because (1) it fails to comply with Local Civil Rule 15.1 "which requires a party seeking leave to amend to include with its motion a copy of the proposed amended pleading" and (2) it "is futile, does not cure any of the deficiencies in Plaintiff's original pleading, and still fails to state a claim upon which relief can be granted." (Chase Opp. at 1, ECF No. 30). Plaintiff did not file a reply to Defendants' oppositions to its Motion.

### III. LEGAL STANDARD

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. (15)(a). In deciding whether to grant a motion for leave to amend, courts consider the *Foman* factors: (1) undue delay on the part of the party seeking to amend; (2) bad faith or dilatory motive behind the amendment; (3) repeated failure to cure deficiencies through multiple prior amendments; (4) undue prejudice on the opposing party; and (5) futility of the amendment. *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Factor (5) of the *Foman* factors is discussed below.

### IV. ANALYSIS

#### A. Plaintiff's proposed amendment is futile

The Court finds that Plaintiff has not made a sufficient showing as to why adding a preliminary statement to the Complaint would not be a futile amendment. The futility analysis on a motion to amend is essentially the same as a Rule 12(b)(6) motion. *See In re. NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002). The proposed amended claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The proposed amendment is futile if it is "frivolous or advance[s] a claim or defense that is legally insufficient on its face." *RX ReLeaf LLC v. Relief TMS LLC*, No. 23-3552 (MAS)(JBD), 2024 WL 4894768, at *6 (D.N.J. Nov. 26, 2024) (citing *Marlowe Patent Holdings LLC v. Dice Electronics, LLC*, 293 F.R.D. 688, 695 (D.N.J. 2013)). The Court accepts well-pleaded factual allegations as true and draws reasonable inferences in Plaintiff's favor, but disregards "[t]hreadbare recitals of the

elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.

"[G]iven the liberal standard for the amendment of pleadings, courts place a heavy burden on opponents who wish to declare a proposed amendment futile." *Livingstone v. Haddon Point Manager LLC*, No. 19-13412 (RBK), 2020 WL 7137852, at *4 (D.N.J. Dec. 7, 2020) (citation omitted). "Thus, the proposed amendment must be frivolous or advance a claim that is insufficient on its face." *Id.* (citing *Aruanno v. New Jersey*, No. 06-296 (WJM), 2009 WL 114556, at *2 (D.N.J. Jan. 15, 2009)). "This does not require the parties to engage in the equivalent of substantive motion practice upon the proposed new claim or defense; this does require, however, that the newly asserted [claim or] defense appear to be sufficiently well-grounded in fact or law that it is not a frivolous pursuit." *Id.*; *accord Theodore v. Newark Dep't of Health & Cmty. Wellness*, No. 19-17726 (WJM), 2021 WL 508616, at *2 (D.N.J. Feb. 10, 2021); *Miller v. Beneficial Mgmt. Corp.*, 844 F. Supp. 990, 1001 (D.N.J. 1993) ("A determination as to futility does not require a conclusive determination on the merits of a claim or defense.").

Here, Plaintiff's proposed amendment is futile because it does not add any new claims, facts, legal theories, or substantive context to Plaintiff's original pleading. The proposed amendment – to add a preliminary statement – does not add to the substance of what Plaintiff already alleges in the Complaint. Rather, the two sentences Plaintiff proposes to add to the Complaint merely parrot the allegations in the operative Complaint. Therefore, the Court finds the proposed amendment alone does not "'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. Accordingly, Plaintiff's Motion must be denied. The Court takes no position on whether Plaintiff's claims will be successful in whole or in part,

but finds that permitting Plaintiff to file an Amended Complaint with a preliminary statement that merely summarizes the claims it previously asserted is futile.

### B. Plaintiff's Motion is procedurally deficient

Plaintiff's Motion is also procedurally deficient. Under Local Civil Rule 15.1(a)(1) and (2), "a party who seeks leave to amend a pleading shall do so by motion, which shall state whether such motion is opposed, and shall attach to the motion: (1) a copy of the proposed amended pleading and; (2) a form of the amended pleading that shall indicate in what respect(s) it differs from the pleading which it proposed to amend, by bracketing or striking through materials to be deleted and underlining material to be added." Here, Plaintiff fails to comply with Local Civil Rule 15.1(a)(2). Although counsel included the proposed "Preliminary Statement" in its Declaration in support of the Motion to Amend, (Decl. of Counsel ¶ 7, ECF No. 27), Plaintiff did not attach a form of the amended pleading that indicates how it differs from the original Complaint. Plaintiff's motion may be denied on this procedural defect alone. *See Bonds v. NJ Judiciary Admin. of the Ct.*, No. 19-18983 (GC)(TJB), 2024 WL 2091119, at *4 (D.N.J. May 9, 2024), *reconsideration denied*, No. 19-18983 (GC) (TJB), 2024 WL 5220936 (D.N.J. Dec. 26, 2024).

### V. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Amend the Complaint, (ECF No. 27), is **DENIED**. The Court clarifies that, in denying Plaintiff's Motion, its analysis is limited to Plaintiff's proposed amendment, and it is not making any findings regarding the sufficiency of the claims set forth in Plaintiff's original Complaint. An appropriate order follows.

**Dated: July 7, 2025**

*s/ Cathy L. Waldor*
**Hon. Cathy L. Waldor, U.S.M.J.**

cc: Hon. Claire C. Cecchi, U.S.D.J.